Martin, J.
I concur in the opinion of my colleague, for the reasons therein adduced.
Mathews, J.
The question as to the effect of the judgment obtained in the superior court of the late territory of Orleans, in the case of Trahan's heirs vs. Broussard, 2 Martin. 133. as *394 forming rem judicatam, in the matter in dispute between the parties to the present, having been settled by a decision of this court. 5 Id. 214, it now only remains to decide this case on the merits.
The plaintiffs and defendant claim a tract of land on the western side of the bayou Vermillion, of twenty-five arpents in front, fifteen of which were acquired by a grant to their ancestor, and ten by purchase from Broussard, an original grantee.
The principal difficulty in the case, is to fix the upper limits of the grant to the plaintiff's ancestor. It calls for Trahan's grant, and purports to be of an entire tract of land, of fifteen arpents in front, on both sides of the bayou. The lower line of Trahan's land, on the east side of the stream, is established beyond dispute, and determines satisfactorily that, of the grant of the plaintiff's ancestor on that side. But on the other, Trahan's land is, by the judgment of the superior court of the late territory, referred to, to have for its limit, on the upper side, a place called isle des Copalmes, and run down the bayou for its front, which places this part of his claim some distance above his grant, as located on the eastern side.
*395 The question which relates to the location of this land, must be solved by ascertaining whether or not Meaux's line, on the upper side, and Trahan's on the lower, must necessarily be the same on both sides of the water, according to the title on which the former claims, I think not.
The plaintiffs’ claim calls for an entire tract of land, containing fifteen arpents in front, on each side of the bayou, and as its location on the other side is fixed beyond a doubt, its western ought to correspond with such lines as are thus clear and certain, unless they interfere with an older or better title, which does not appear to be the case here.
The defendant’s claim, by possession and prescription, is not in my opinion supported by evidence. They do not shew that their title, such as it appears on the record, covers any part of the land claimed by the plaintiffs. Their possession being without colour of title, they can only avail themselves of the prescription longi temporis, and they shew no claim on that score.
It is true, that the testimony of one of the witnesses (Huet) shews a very long possession in the defendant, and his ancestors; but it *396 is by no means explicit as to the precise spot or its extent. His evidence is too vague to support a judgment. Admitting it to be otherwise, it is contradicted by another witness (Montice) which proves an interruption.
Baldwin for the plaintiffs, Brent for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district, court be affirmed with costs.